FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

17 PM 4:34

SO. DIST. OF GA.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | |
|---|---|
| BENJAMIN BREWER, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Case No. CV605-123 |
| ) | [CR696-004] |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Movant has filed a motion to vacate, set aside, or correct his federal prison sentence pursuant to 28 U.S.C. § 2255 and "Federal Rule 12(b)(2) and 52(b)." Doc. 1. The government filed a motion to dismiss movant's petition on the ground that it is a successive § 2255 petition filed without prior authorization from the Eleventh Circuit Court of Appeals. Doc. 3. For the following reasons, the government's motion should be GRANTED and movant's motion be DISMISSED.

This Court sentenced movant to 157 months' imprisonment on July 25, 1996 after a jury convicted him of conspiracy to possess with intent to distribute cocaine and cocaine base and use of a firearm during a drug

trafficking crime. CR696-004, docs. 325, 384. The Eleventh Circuit affirmed movant's convictions and sentence on January 7, 2000. United States v. Brewer, 199 F.3d 1283 (11th Cir. 2000). Movant previously filed a § 2255 motion in this Court on December 12, 2000. CV600-133, doc. 1. The Court issued a Report and Recommendation which recommended denial of the motion. CV600-133, doc. 4. The district judge adopted the Court's Report and Recommendation on January 24, 2001. Id., doc. 6. The Eleventh Circuit denied movant's motion for a certificate of appealability on November 5, 2001. Id., doc. 11.

According to the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, Stat. 1214, "before a second or successive application permitted by [§ 2255] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); see 28 U.S.C. § 2255 (cross-referencing § 2244 certification requirement).

The Seventh Circuit has held that this provision "is an allocation of subject-matter jurisdiction to the court of appeals. A district court *must* dismiss a second or successive petition, without awaiting any response from

the government, unless the court of appeals has given approval for its filing." Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996) (emphasis in original). The Eleventh Circuit has reached the same result. Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997) (finding district court lacked jurisdiction to consider second § 2254 petition); In re Medina, 109 F.3d at 1561 (11th Cir. 1997) (holding district court properly denied successive petition because movant neglected to obtain certificate from federal appellate court authorizing consideration of motion).

The Court finds that the instant petition is properly classified as a § 2255 motion.[1] Because movant has already filed under § 2255 and has failed to provide certification from the Eleventh Circuit authorizing this Court to hear this motion, this Court is without jurisdiction to consider

---

[1] Movant asserts "Federal Rule 12(b)(2) and 52(b)" as alternative grounds for granting the requested relief. Doc. 1. Fed. R. Crim. P. 12(b)(2) fails to support movant's position, since that Rule provides for motions that may be made prior to trial. Similarly, Fed. R. Crim. P. 52(b) does not provide movant with a method for collaterally attacking his sentence. See United States v. Frady, 456 U.S. 152, 163-64 (1982) (Rule 52(b) was intended to provide a means for the prompt redress of "miscarriages of justice" occurring in the trial court, and "[b]ecause it was intended for use on direct appeal, the 'plain error' standard is out of place when a prisoner launches a collateral attack against a criminal conviction . . . ."). The government notes that movant may be asserting that the indictment failed to invoke the Court's jurisdiction under Fed. R. Crim. P. 12(b)(3)(B). Doc. 3. Such a claim may only be made while the case is pending, however, and therefore affords movant no relief. See Fed. R. Crim. P. 12(b)(3)(B) ("at any time while the case is pending, the court may hear a claim that the indictment . . . fails to invoke the court's jurisdiction . . . .").

3

movant's petition at this time. Accordingly, the Court recommends that the instant § 2255 motion be **DISMISSED** as successive.

**SO REPORTED AND RECOMMENDED** this 17th day of May, 2006.

_____
**UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA**